IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08 CR 777-11 |
| ) | |
| AARON WILLIAMS, ) | Honorable Judge |
| Defendant. ) | David H. Coar |
| ) | |

## PROTECTIVE ORDER

Pursuant to Fed. R. Crim. P. 16(d)(1) and Local Rule 26.2, the parties have represented to the Court and the Court finds:

A. That the need for the disclosure of documents, pursuant to a subpoena duces tecum, involving an ongoing state court prosecution is anticipated; and

B. The scope of disclosure will encompass the production of documents which may contain highly sensitive and confidential personal, investigatory, witness or other information of a non-public nature, (hereinafter referred to as "Confidential Matter"), that may be subject to disclosure pursuant to subpoean in this action, but which should not be generally available to the public. The designation of information as "Confidential Matter" does not create any presumption for or against that treatment.

C. Accordingly, the Court finding good cause for entry of this Protective Order,

D. IT IS ORDERED THAT:

1. When used in this Protective Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced pursuant to a subpoena duces tecum issued on June 1, 2009 and served upon the Cook County State's Attorney's Office.

2. The word "party" or "parties" as used in this order means the parties to this action.

3. The word "counsel" as used in this order means the attorney or attorneys of record appearing for any party to this action.

4. As used in this order, the term "discovering party" means the party obtaining any document or documents as described in paragraph 1; the term "responding party" or "producing party" means the party producing any document or documents as described in paragraph 1.

5. This order governs all designated subpoenaed material, including all copies, excerpts, or notes thereof, whether produced by the parties or by non-parties. All designated subpoenaed material shall be used only for purposes of preparation for, or use at, a suppression hearing or trial of this cause and not for any other litigation or business purpose and shall be disclosed only in accordance with the terms of this order.

6. With respect to a Confidential Matter that has been or will be produced pursuant to subpoena, no party shall withhold all or any part of the same on the ground that it contains sensitive and confidential information, but shall identify such matter as being "Confidential Matter." Each document or cover sheet

to a group of documents designated as Confidential Matter shall bear the following designation:

CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO
PROTECTIVE ORDER ENTERED IN CASE NUMBER 08 CR 777-11

A record shall be maintained of all copies made of documents bearing this confidential designation. In addition to this designation, the producing party may affix identifying numbers to the pages of material designated as Confidential Matter. Any party adopting a numerical identification system shall inform all other parties that such a system is being used. No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the "Confidential" designation and the identifying number appearing on the copy.

8. All documents designated as Confidential Matter may be examined and otherwise used solely by counsel to this action, only for the purposes of this litigation, and for no other purposes. Counsel in this action shall not disclose documents designated as Confidential Matter except to the following persons:

      a. Counsel for the parties to this litigation, including co-counsel and employees of counsel who are employed in connection with preparation for and trial of this litigation;

      b. Witnesses and prospective witnesses, to the extent deemed necessary by counsel to prepare for or give testimony in this litigation or to assist counsel in performing work in connection with this litigation;

      c. The Court and court personnel, *in camera*, under seal, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may

be disclosed at any evidentiary hearing so long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from the Court of the Confidential Matter.

9. Before disclosing Confidential Matter to any persons enumerated in paragraph 8(a) through (c) above, counsel in this action must first inform each person that the documents containing Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by court order.

10. Upon final termination of this action, whether by plea, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their employees and the parties herein.

11. This Protective Order may be modified by further written stipulation signed by the attorneys and/or by further order of this Court upon application to the Court with notice.

ENTERED:

July 7, 2009
DATE

JUDGE DAVID H. COAR

4

# **AFFIDAVIT**

I, _____ being first duly sworn, depose and say:

1. I have read and know the contents of the Protective Order dated _____, and filed in the above-entitled action, No. 98 C 7350 on _____.

2. I am one of the persons described in Paragraphs 8(a)-(f) of the Protective Order, and I am executing this Affidavit and agreeing to enter into this Stipulation in order to satisfy the conditions provided in Paragraph 9 of the Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Protective Order.

3. I expressly represent and agree that:

    (a) I have read and shall be fully bound by the terms of the Protective Order;

    (b) All such Confidential Matter as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Protective Order;

    (c) I shall not disclose the contents or subject matter of any such Confidential Matter to anyone, other than in accordance with the Protective Order, at anytime hereafter;

    (d) I shall, upon being notified of the termination of the above-entitled action, proffer the return of all copies of all Confidential Matter to the Responding Party's counsel.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order to be entered as provided in this stipulation.


Signed and Sworn to me on this                                  Dated: _____, 2003

_____ day of _____, 2003

_____

_____
NOTARY PUBLIC